FRANK KRZYWOSYNSKI, by Guardian, Respondent, *v.* THE CONSOLIDATED GAS CO. of New York, Appellant.

(New York Superior Court—General Term, January, 1895.)

Plaintiff was injured while standing upon a cellar door by an explosion of gas in the cellar. It appeared that shortly prior to the accident a leakage of gas was discovered, and an employee of the defendant was notified thereof; that such employee went into the cellar without a light, in order to discover the cause, and that almost immediately upon his entrance the explosion occurred. There was no proof as to the cause of the leak or its location, nor was any failure to make repairs shown. *Held*, that there was no proof of any negligence on the part of the defendant, and that a verdict in favor of the plaintiff was erroneous.

APPEAL from a judgment entered on the verdict of a jury.

*Eugene I. Yuells*, for plaintiff.

*Lord, Day & Lord*, for defendant.

New York Superior Court, January, 1895.    [Vol. 11.

GILDERSLEEVE, J.    The jury in this case rendered a verdict for the plaintiff, and assessed the damages at $1,000. The plaintiff sustained the injuries which this award was intended to compensate by an explosion of gas supplied by defendant corporation to the premises where the accident occurred. No contributory negligence by the plaintiff was urged, and the liability of the defendant, if any, rested upon his alleged negligence. The serious question presented for review arises upon the defendant's exception to the refusal of the trial judge to dismiss the complaint at the close of plaintiff's case, upon the ground that there was no evidence connecting the defendant with the accident, and also upon the exception taken at the close of the evidence to the denial of the motion that a verdict be directed for the defendant.

Was the defendant's negligence established by a fair preponderance of proof? If we look at the evidence in a light most favorable to the plaintiff, can it be said that a _prima facie_ case is made out? It is established by the evidence that on the 18th day of May, 1892, at about five o'clock in the afternoon, the gas was found to be leaking in the cellar of the premises No. 172 Eldridge street, in this city; that the plaintiff, with another boy, was lawfully standing upon the cellar door in front of the premises in question; that the housekeeper of the premises was notified of the smell of gas, and she at once called the attention of one of defendant's employees to the fact; that this employee, one Conlin, forthwith went into the cellar for the purpose of ascertaining the whereabouts of the leak, or the cause thereof, and that the explosion occurred almost immediately upon Conlin's entering the cellar; that the plaintiff was thrown by the explosion, and sustained thereby the injuries in question. It cannot be said that Conlin was guilty of negligence in going into the cellar; he took no light with him, and nothing was done by him that can be assigned as the cause of the explosion; nor does it appear that he omitted to do anything which, if done, would have prevented the explosion. There is nothing in the testimony to indicate the cause of the leak, nor its exact location.

Gas was escaping, and it is reasonable to suppose that had a sufficient time elapsed between Conlin's entry into the cellar and the explosion to enable him to make a careful examination, he would have discovered the locality and nature of the leak.

The cause of the accident does not appear. The jury, therefore, were not entitled to infer that it was due to any negligence on Conlin's part. By conjecture and presumption the cause of the accident could be attributed to any one of several causes with quite as much certainty as to the negligence of the defendant. There is no evidence whatever of any defective workmanship on the part of the defendant, nor is there any evidence of defendant's failure to make repairs upon which a liability can be predicated. The defendant entered diligently upon the work of ascertaining the cause of the leak, and the explosion occurred before the discovery of the cause could be learned.

We are forced to the conclusion, therefore, that the testimony does not warrant the finding either that defendant was responsible for the leak or for the explosion. The testimony fails to establish the defendant's negligence, and the verdict, therefore, is not supported by the evidence.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, J., concurs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.